IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MATTIE G. YOUNG, ) | |
| ) | |
| Plaintiff, ) | Case No.: |
| ) | |
| v. ) | |
| ) | |
| D.W. MERTZKE EXCAVATING & ) | |
| TRUCKING, INC. ) | **JURY TRIAL DEMANDED** |
| **Serve:  Jody Mertzke** ) | |
| **7401 Bunkum Road** ) | |
| **East St. Louis, IL 62204** ) | |
| ) | |
| ANTONIO D. DUNN ) | |
| **Serve:  1231 North 53rd Street** ) | |
| **East St. Louis, IL 62204** ) | |
| ) | |
| Defendants. ) | |

## COMPLAINT

COMES NOW, Plaintiff Burnic Bundy, for his cause of action against the above-named Defendants, and states as follows:

### ALLEGATIONS COMMON TO ALL COUNTS

1. Plaintiff Mattie Young is a resident and citizen of Missouri.

2. Defendant D.W. Mertzke Excavating & Trucking, Inc. (hereinafter "Mertzke"), a resident and citizen of the State of Illinois, is a corporation that regularly conducts the business of trucking in the State of Illinois, with its principal place of business at 7401 Bunkum Road, East St. Louis, IL 62204.

3. Defendant Antonio Dunn (hereinafter "Dunn") is a resident and citizen of Illinois.

4. US Highway 67 at the intersection with Interstate 270 is an open and public thoroughfare located in the St. Louis County, State of Missouri.

5. Plaintiff, a citizen of Missouri, and Defendants. Citizens of a foreign state, are diverse parties; and the matter in controversy exceeds that value of $75,000.00, exclusive of interest and costs. Therefore, diversity jurisdiction exists pursuant to 28 U.S.C. § 1332(a)(2).

6. At all relevant times, Defendant Mertzke was operating as an interstate commercial motor carrier, with Defendant Dunn assisting Mertzke with said operations, including providing transportation equipment, maintenance and regulatory compliance, including the 2005 Mack Dump Truck involved in the subject crash.

7. At all times relevant, including on May 20, 2020, Defendant Dunn transported and/or operated a dump truck in the course and scope of their employment and/or agency for Defendant Mertzke, throughout Illinois, including the Southern District of Illinois.

8. This Court is the proper venue for this action pursuant to 28 U.S.C. § 1391 as a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in the Southern District of Illinois.

9. At all times relevant herein and at the time of this crash, Defendant Dunn was acting individually and through its drivers, agents, servants, and/or employees, each of whom were acting within their course and scope of their employment with Defendant Mertzke.

10. At all times relevant set forth herein, Defendants were subject to and required to abide by the rules and regulations set forth in Title 49, Code of Federal Regulations (Federal Motor Carrier Safety Regulations) and The Illinois Motor Carrier Safety Law, set forth in 625 ILCS 5/18b, while operating as an interstate commercial motor carrier in the State of Illinois, as well as, 625 ILCS 5/11 of the Illinois Traffic Code.

11. At all times relevant, Defendant Mertzke, was a commercial motor carrier registered by the U.S. Department of Transportation, D.O.T.#605704, and authorized to conduct business in the United States and the State of Illinois.

12. At all relevant times, Defendant Dunn was an employee, agent, and/or servant of Defendant Mertzke and were working for the benefit of and within the course and scope of said employment.

13. At all relevant times, Defendant Mertzke either controlled or had the right to control the physical conduct of Defendant Dunn, as well as the dump truck he operated.

14. On May 20, 2020, Plaintiff Mattie Young was traveling northbound on US Highway 67 just east of the Interstate 270 exit ramp from eastbound Interstate 270.

15. At the above-mentioned time and place, Defendant Dunn, while acting for the benefit of and without the scope of his employment with Defendant Mertzke, was traveling southbound on US Highway 67 and attempted to turn left into a designated construction area causing Plaintiff to collide with the rear of his vehicle.

16. The above-mentioned crash caused or contributed to cause Plaintiff to sustain serious injuries to her right lower extremity and lungs.

## COUNT I
## MATTIE YOUNG V. ANTONIO D. DUNN
## NEGLIGENCE

COMES NOW Plaintiff Mattie Young, through counsel, and for her cause of action against Defendant Antonio D. Dunn, states as follows:

17. Plaintiff restates and incorporates by reference the allegations contained in paragraphs 1-16 above as if more fully stated herein.

18. At the above-mentioned time and place, Defendant Dunn, as the operator of a motor vehicle, had the duty to exercise the highest degree of care for the safety of other persons upon the roadway, and was careless and negligent in one or more of the following respects:

    a. Defendant Dunn failed to maintain control of his vehicle;

    b. Defendant Dunn failed to keep a careful lookout;

    c. Defendant Dunn drove his vehicle at an excessive rate;

    d. Defendant Dunn failed to yield to the right-of-way to Plaintiff's vehicle which entered the intersection or approached as to constitute an immediate hazard in violation of RSMo. § 304.351 and was thereby negligent per se;

    e. Defendant Dunn failed to take proper remedial action which could have avoided this crash or minimized the impact;

    f.   Defendant Dunn failed to operate his vehicle in a careful and prudent manner;

    g.   Defendant Dunn operated the commercial motor vehicle without adequate training and experience;

    h.   Defendant Dunn drove in an overly aggressive manner;

    i.   Defendant Dunn failed to stop, slow, slacken his speed, sound his horn and/or swerve to avoid colliding with another vehicle when Defendant knew or should have known there was danger of a collision; and

    j.   Defendant Dunn struck the rear of the vehicle operated by Plaintiff.

19. As a direct and proximate result of Defendant Dunn's carelessness and negligence as detailed above, Plaintiff was injured and damaged; Plaintiff sustained injuries to her right lower extremity and lung; Plaintiff required treatment and will require treatment in the future; Plaintiff's ability to work, labor and enjoy life has been and will be impaired, all to her detriment and damage.

20. As a direct and proximate result of Defendant Dunn's careless and negligence, Plaintiff incurred treatment expenses in an amount not yet determined and will incur treatment expenses in the future; Plaintiff lost wages and may lose wages in the future.

**WHEREFORE,** Plaintiff Mattie Young respectfully prays for judgment against Defendant Antonio Dunn in an amount that is fair and reasonable in excess of Seventy-Five Thousand Dollars **($75,000.00),** plus costs incurred herein and for such other orders as this Court deems just under the circumstances.

<u>**COUNT II**</u>
<u>**MATTIE YOUNG V. ANTONIO D. DUNN**</u>
<u>**NEGLIGENCE *PER SE* § 304.280.1(1)(a) RSMo.**</u>

COMES NOW Plaintiff Mattie Young, through counsel, and for her cause of action against Defendant Antonio D. Dunn, states as follows:

21. Plaintiff restates and incorporates by reference the allegations contained in paragraphs 1-20 above as if more fully stated herein.

22. The above-described collision was caused by the *per se* negligence of Defendant Dunn as follows:

    a. RSMo. §304.281.1(1)(a) states, "Vehicular traffic facing a circular green signal may proceed straight through or turn right or left unless a sign at such place prohibits either such turn. But vehicular traffic, including vehicles turning right or left, shall yield the right-of-way to other vehicles and to pedestrians lawfully within in the intersection or an adjacent crosswalk at the time such signal is exhibited."

    b. Plaintiff was within the class of persons intended to be protected by RSMo. §304.281.1(1)(a);

    c. Plaintiff's injuries are of the nature that RSMo. §304.281.1(1)(a) was designed to prevent;

    d. Defendant Mertzke, by and through its employee, agent and/or servant Defendant Dunn, faced a circular green signal and turned left, but failed to yield the right-of-way to Plaintiff's vehicle which was lawfully within the intersection, and therefore violated RSMo. §304.281.1(1)(a);

    e. Defendant Dunn's violation of RSMo. §304.281.1(1)(a) proximately caused Plaintiff's injuries and Defendant Dunn was thereby negligent per-se.

23. As a direct and proximate result of Defendant Dunn's carelessness and negligence *per se* as detailed above, Plaintiff was injured and damaged; Plaintiff sustained injuries to her right lower extremity and lung; Plaintiff required treatment and will require treatment in the future; Plaintiff's ability to work, labor and enjoy life has been and will be impaired, all to her detriment and damage.

24. As a direct and proximate result of Defendant Dunn's careless and negligence *per se*, Plaintiff incurred treatment expenses in an amount not yet determined and will incur treatment expenses in the future.

**WHEREFORE,** Plaintiff Mattie Young respectfully prays for judgment against Defendant Antonio D. Dunn in an amount that is fair and reasonable in excess of Seventy-Five Thousand Dollars **($75,000.00),** plus costs incurred herein and for such other orders as this Court deems just under the circumstances.

### COUNT III
### MATTIE YOUNG V. D.W. MERTZKE EXCAVATING & TRUCKING, INC.

COMES NOW Plaintiff Mattie Young, through counsel, and for her cause of action Defendant D.W. Mertzke Excavating & Trucking, Inc., states as follows:

25. Plaintiff restates and incorporates by reference the allegations contained in paragraphs 1-24 above as if more fully stated herein.

26. At the above-mentioned time and place, Defendant Mertzke, as the operator of a motor vehicle, by and through its employee, agent and/or servant Defendant Dunn, had the duty to exercise the highest degree of care for the safety of other persons upon the roadway, and was careless and negligent in one or more of the following respects:

    a. Defendant Mertzke by and through its employee, agent and/or servant Defendant Dunn failed to maintain control of his vehicle;

    b. Defendant Mertzke by and through its employee, agent and/or servant Defendant Dunn failed failed to keep a careful lookout;

    c. Defendant Mertzke by and through its employee, agent and/or servant Defendant Dunn failed drove his vehicle at an excessive rate;

    d. Defendant Mertzke by and through its employee, agent and/or servant Defendant Dunn failed failed to yield to the right-of-way to Plaintiff's vehicle which entered the intersection or approached as to constitute an immediate hazard in violation of RSMo. § 304.351 and was thereby negligent per se;

    e. Defendant Mertzke by and through its employee, agent and/or servant Defendant Dunn failed failed to take proper remedial action which could have avoided this crash or minimized the impact;

    f. Defendant Mertzke by and through its employee, agent and/or servant Defendant Dunn failed failed to operate his vehicle in a careful and prudent manner;

    g. Defendant Mertzke by and through its employee, agent and/or servant Defendant Dunn failed operated the commercial motor vehicle without adequate training and experience;

    h. Defendant Mertzke by and through its employee, agent and/or servant Defendant Dunn failed drove in an overly aggressive manner;

    i. Defendant Mertzke by and through its employee, agent and/or servant Defendant Dunn failed to stop, slow, slacken his speed, sound his horn and/or swerve to avoid

      colliding with another vehicle when Defendant knew or should have known there was danger of a collision; and

    j. Defendant Mertzke by and through its employee, agent and/or servant Defendant Dunn failed struck the rear of the vehicle operated by Plaintiff.

27. As a direct and proximate result of Defendant Merkzle's carelessness and negligence, by and through its employee, agent and/or servant Defendant Dunn, as detailed above, Plaintiff was injured and damaged; Plaintiff sustained injuries to her right lower extremity and lung,; Plaintiff required treatment and will require treatment in the future; Plaintiff's ability to work, labor and enjoy life has been and will be impaired, all to her detriment and damage.

28. As a direct and proximate result of Defendant Mertzke's carelessness and negligence, by and through its employee, agent and/or servant Defendant Dunn, Plaintiff incurred treatment expenses in an amount not yet determined and will incur treatment expenses in the future.

    **WHEREFORE,** Plaintiff Mattie Young respectfully prays for judgment against Defendant D.W. Mertzke Excavating & Trucking, Inc., in an amount that is fair and reasonable in excess of Seventy-Five Thousand Dollars **($75,000.00),** plus costs incurred herein and for such other orders as this Court deems just under the circumstances.

**COUNT IV**
**MATTIE YOUNG V. D.W. MERTZKE EXCAVATING & TRUCKING, INC.**
**NEGLIGENCE *PER SE* § 304.280.1(1)(a) RSMo.**

    COMES NOW Plaintiff Mattie Young, through counsel, and for her cause of action against Defendant Antonio D. Dunn, states as follows:

29. Plaintiff restates and incorporates by reference the allegations contained in paragraphs 1-28 above as if more fully stated herein.

30. The above-described collision was caused by the *per se* negligence of Defendant Mertzke by and through its employee, agent and/or servant Defendant Dunn as follows:

    a. RSMo. §304.281.1(1)(a) states, "Vehicular traffic facing a circular green signal may proceed straight through or turn right or left unless a sign at such place prohibits either such turn. But vehicular traffic, including vehicles turning right or left, shall

      yield the right-of-way to other vehicles and to pedestrians lawfully within in the intersection or an adjacent crosswalk at the time such signal is exhibited."

    b. Plaintiff was within the class of persons intended to be protected by RSMo. §304.281.1(1)(a);

    c. Plaintiff's injuries are of the nature that RSMo. §304.281.1(1)(a) was designed to prevent;

    d. Defendant Mertzke, by and through its employee, agent and/or servant Defendant Dunn, faced a circular green signal and turned left, but failed to yield the right-of-way to Plaintiff's vehicle which was lawfully within the intersection, and therefore violated RSMo. §304.281.1(1)(a);

    e. Defendant Mertzke, by and through its employee, agent and/or servant Defendant Dunn's violation of RSMo. §304.281.1(1)(a) proximately caused Plaintiff's injuries and Defendant Mertzke was thereby negligent per-se.

31. As a direct and proximate result of Defendant Mertzke, by and through its employee, agent and/or servant Defendant Dunn's carelessness and negligence *per se* as detailed above, Plaintiff was injured and damaged; Plaintiff sustained injuries to her right lower extremity and lung; Plaintiff required treatment and will require treatment in the future; Plaintiff's ability to work, labor and enjoy life has been and will be impaired, all to her detriment and damage.

32. As a direct and proximate result of Defendant Dunn's careless and negligence *per se*, Plaintiff incurred treatment expenses in an amount not yet determined and will incur treatment expenses in the future.

**WHEREFORE,** Plaintiff Mattie Young respectfully prays for judgment against Defendant Antonio D. Dunn in an amount that is fair and reasonable in excess of Seventy-Five Thousand Dollars **($75,000.00),** plus costs incurred herein and for such other orders as this Court deems just under the circumstances.

**COUNT V – MATTIE YOUNG V. D.W. MERTZKE EXCAVATING & TRUCKING, INC.
NEGLIGENT HIRING OF DEFENDANT DUNN**

COMES NOW Plaintiff, Mattie Young, by and through counsel, and for her cause of action against Defendant D.W. Mertzke Excavating & Trucking, Inc., and hereby respectfully states as follows:

33. Plaintiff restates and incorporates by reference the allegations contained in Paragraphs 1-32 above as if more fully set forth herein.

34. At all times pertinent hereto, Defendant Mertzke were under a legal duty to exercise ordinary care in the process of investigation, screening and hiring its employees in order to protect members of the public, including Plaintiff, against unreasonable risks of harm.

35. Defendant Mertzke breached its duty to exercise ordinary care in the process of investigating, screening and hiring Defendant Dunn by failing to enforce its own policy regarding Class E licenses, and was thereby negligent in its hiring of Defendant Dunn insofar as Dunn was not required to obtain a Class E license prior to employment.

36. Defendant Mertzke further breached its duty to exercise ordinary care in the process of investigating, screening and hiring Defendant Dunn insofar as Dunn was unqualified to operate a commercial motor vehicle at the time of hiring based upon his driving history, inexperience, lack of skill, lack of training and lack of knowledge.

37. In light of the above, Defendant Mertzke knew or through the exercise of ordinary care should have known that Defendant Dunn was unqualified to safely operate a commercial motor vehicle.

38. That because of Defendant Dunn's inadequacies as alleged herein Defendant Mertzke should not have hired Dunn to operate a commercial motor vehicle.

39. Defendant Mertzke's negligent acts and omissions in hiring Defendant Dunn proximately caused the injuries and damages sustained by Plaintiff as a result of the aforementioned motor vehicle collision.

WHEREFORE, Plaintiff Mattie Young prays for judgment against Defendant D.W. Mertzke Excavating & Trucking, Inc., in an amount that is fair and reasonable in excess of Seventy-Five Thousand Dollars ($75,000.00) plus costs incurred herein and for such other orders as this Court deems just under the circumstances.

### COUNT VI – MATTIE YOUNG V. D.W. MERTZKE EXCAVATING & TRUCKING, INC. NEGLIGENT RETENTION OF DEFENDANT DUNN

COMES NOW Plaintiff, Mattie Young, by and through counsel, and for her cause of action against Defendant D.W. Mertzke Excavation & Truck, Inc., and hereby respectfully states as follows:

40. Plaintiff restates and incorporates by reference the allegations contained in Paragraphs 1-39 above as if more fully set forth herein.

41. At all times pertinent hereto, Defendant Mertzke were under a legal duty to exercise ordinary care to adequately monitor, investigate and evaluate Defendant Dunn in connection with Defendant's decision to retain Dunn as an employee of the company in order to protect member of the public, including Plaintiff, against unreasonable risks of harm.

42. Defendant Mertzke further breached its duty to exercise ordinary care to monitor, investigate, evaluate Defendant Dunn in connection with their decision to retain Dunn as an employee of the company.

43. Defendant Mertzke breached its duty to exercise ordinary care in connection with Defendant's decision to retain Dunn as an employee of the company by insofar as it knew or should have known the Defendant Dunn was unqualified to safely operate a company vehicle and yet continued to retain him as an employee.  Given that Defendant Dunn's driving history includes: two (2) violations for speeding; one (1) citation for violating electric traffic signal; one (1) violation for failure to reduce speed; one (1) citation for driving without a valid license; five (5) citations for operating an uninsured motorist vehicle; three (3) citation for failure to wear seatbelt; and two (2) citations for illegal parking.

44. That because of Defendant Dunn's inadequacies as alleged herein Defendant Mertzke should not have retained Dunn as an employee authorized and directed to operate a company vehicle.

45. Defendant Mertzke's negligent acts and omissions in retaining Defendant Dunn as its employee proximately caused the injuries and damages sustained by Plaintiff as a result of the aforementioned motor vehicle collision.

WHEREFORE, Plaintiff Mattie Young prays for judgment against Defendant D.W. Mertzke Excavating & Trucking, Inc., in an amount that is fair and reasonable in excess of Seventy-Five Thousand Dollars ($75,000.00) plus costs incurred herein and for such other orders as this Court deems just under the circumstances.

### COUNT VII – MATTIE YOUNG V. D.W. MERTZKE EXCAVATING & TRUCKING, INC.
### NEGLIGENT SUPERVISION OF DEFENDANT DUNN

COMES NOW Plaintiff, Mattie Young, by and through counsel, and for her cause of action against Defendant D.W. Mertzke Excavating & Trucking, Inc., and hereby respectfully states as follows:

46. Plaintiff re-states, re-alleges and incorporates by reference paragraphs 1-45, as if more fully set forth herein.

47. On or about May 20, 2020, Plaintiff was injured when its employee, agent and/or servant of Defendant Mertzke turned in front of Plaintiff's vehicle causing Plaintiff to collide with the rear on his dump truck.

48. At the above-mentioned time and place, Defendant Mertzke, by and through its employee, agent and/or servant Defendant Dunn, had the duty to exercise reasonable and ordinary care to protect Plaintiff against unreasonable risk of harm, and was careless and negligent in one or more of the following respects:

   a) Defendant Mertzke failed to properly supervise, monitor and/or control its employee, agent and/or servant Defendant Dunn given the Defendant's history of driving offenses;

    b)    Defendant Mertzke failed to investigate and/or monitor Defendant Dunn's driving history given that Defendant Dunn's history of driving offenses includes: two (2) violations for speeding; one (1) violation for failure to reduce speed; one (1) citation for violating a traffic signal; one (1) citation for driving without a valid license; five (5) citations for operating an uninsured motorist vehicle; three (3) citation for failure to wear seatbelt; and two (2) citations for illegal parking.

49. As a direct and proximate result of Defendant Mertzke's carelessness and negligence as detailed above, by and through its employee, agent and/or servant, Defendant Dunn, Plaintiff was seriously injured and damaged; Plaintiff sustained physical harm and she required treatment and will require treatment in the future; Plaintiff incurred treatment expenses in an amount not yet determined and will incur treatment expenses in the future; Plaintiff's ability to enjoy life has been and will be impaired, all to his detriment and damage.

WHEREFORE, Plaintiff Mattie Young prays for judgment against Defendant D.W. Mertzke Excavating & Trucking, Inc., in an amount that is fair and reasonable in excess of Seventy-Five Thousand Dollars ($75,000.00) plus costs incurred herein and for such other orders as this Court deems just under the circumstances.

**GOLDBLATT + SINGER**

*/s/ Shaun M. Falvey*
**SHAUN M. FALVEY #55294**
sfalvey@stlinjurylaw.com
**8182 Maryland Ave., Ste. 801**
**Clayton, MO 63105**
**(314) 231-4100 Telephone**
**(314) 241-5078 Facsimile**
*Attorneys for Plaintiff*